UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:23CR287 HEA |
| ) | |
| JASON LEVI MEYRAND, ) | |
| ) | |
| Defendant. ) | |

# **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the Reports and Recommendations of Magistrate Judge Shirley Padmore Mensah as to Defendant's Motion to Suppress Physical Evidence, [Doc. No. 36], (Report and Recommendation dated January 13, 2025) and Defendant's Motion to Suppress Statements, [Doc. No. 37], (Report and Recommendation dated March 3, 2025). Judge Mensah held a hearing on September 11, 2024. In her January 13, 2025 Report and Recommendation, Judge Mensah recommended Defendant's Motion to Suppress Physical Evidence be denied. In her March 3, 2025 Report and Recommendation, Judge Mensah recommended Defendant's Motions to Suppress Statements be denied. Defendant has filed written objections to these recommendations. The Government has responded. For the reasons set forth below, the objections are overruled, and the Court will adopt Judge Mensah's Reports and Recommendations as provided herein.

The Court has conducted a *de novo* review of those portions of the Reports and Recommendations to which Defendant objects. See 28 U.S,C. 636(b)(1)(A). The Court has fully considered the briefs filed on the original motions as well as the post hearing briefs, and the objections and has reviewed the transcripts of the hearing. The Court has independently researched the controlling law.

## Discussion

**January 13, 2025 Report and Recommendation**

**Motion to Suppress Physical Evidence**

**19 U.S.C. § 1509**

Defendant objects to Judge Mensah's conclusion that Homeland Security Investigations had the authority to issue multiple summonses pursuant to 19 U.S.C. § 1509(a), claiming Judge Mensah "effectively read the phrase 'administered by the United States Customs Service' out of the statute." Defendant presents no authority for his argument and fails to address those cases wherein the issue was addressed and rejected.

> …[U]nder 19 U.S.C. § 1509, a Customs Summons may be used in an investigation or inquiry conducted for the purpose of insuring compliance with the laws of the United States…Indeed, ICE has been traditionally responsible for investigating wrongdoing on a national and even global stage, and has had substantial duties in investigating and serving search warrants upon alleged purveyors of child pornography. *Hallock v. United States*, 253F.Supp.2d 361, 365 (N.D.N.Y.2003) (citing *United States v. Demerritt*, 196 F.3d 138 (2d Cir.1999). Therefore, the Customs Summonses were used to further a legitimate investigative purpose in compliance with the statute. As such, Cray's argument that ICE agents improperly used Customs Summonses to obtain the information that was ultimately used to secure the Search Warrant at issue fails.

*United States v. Cray*, 673 F.Supp.2d 1368, 1376-7 (S.D. Ga. 2009). Judge Mensah not only recognizes the holding in *Cray*, she also carefully analyzes 19 U.S.C. § 1509 and its relationship to 6 U.S.C. § 473(a)(1)-(2)'s maintenance of a Child Exploitation Investigation Unit within Cyber Crimes Center that is tasked with coordinating all of ICE's "child exploitation initiatives" including investigations into child pornography and child exploitation. Defendant's objection is overruled.

**Fourth Amendment**

Defendant objects to Judge Mensah's conclusion of law that he had no Fourth Amendment interest in the information summoned by HSH. Defendant claims his subscriber and IP information is protected under the Fourth Amendment, citing *Carpenter v. United States*, 585 U.S. 296 (2018)  Defendant's reliance on *Carpenter* is misplace, as Judge Mensah discusses. *Carpenter* dealt with "detailed, encyclopedic, and effortlessly complied" records, whereas the subscriber information and IP addresses are within the third party doctrine.

> " '[T]he Fourth Amendment does not prohibit the obtaining of information revealed to a third party and conveyed by him to Government authorities, even if the information is revealed on the assumption that it will be used only for a limited purpose and the confidence placed in the third party will not be betrayed.' " *United States v. McIntyre*, 646 F.3d 1107, 1111 (8th Cir.2011) (quoting *United States v. Miller*, 425 U.S. 435, 443, 96 S.Ct. 1619, 48 L.Ed.2d 71 (1976)).

*United States v. Wheelock*, 772 F.3d 825, 828 (8th Cir. 2014).

**Fifth Amendment Due Process**

3

Defendant objects to Judge Mensah's conclusion that his Fifth Amendment Due Process rights were not violated though the § 1509 summons. Judge Mensah carefully considers Defendant's arguments, again recognizing that Section 1509 summonses were not administrative summonses similar to the types of administrative summons used in *Abel v. United States*, 362 U.S. 217 (1960) and *United States v. Genser*, 582 F.2d 308 (3rd Cir. 1978). As previously discussed, the §1509 summonses are valid in child exploitation investigations. Defendant's objection is overruled.

**Exclusionary Rule**

As Judge Mensah properly held, the exclusionary rule is inapplicable because the Court has concluded the evidence obtained in this case is not in violation of the Fourth Amendment, therefore suppression is not required. Defendant's objection is overruled.

**Tainted Search Warrant**

Defendant objects to Judge Mensah's finding that the search warrant for 1677 Wren Drive was not tainted and urges that if this Court agrees it was tainted, the evidence recovered during the search must be suppressed.

As discussed *supra*, HIS obtained subscriber information and the IP address through proper means. The warrants did not lack probable cause because HIS did not violate either § 1509 or the Constitution. Accordingly, the Court does not agree with Defendant that the search warrant was tainted. Judge Mensah's Report

4

carefully analyzes Defendant's arguments throughout her Report and gives ample reasons for denying Defendant's motion.

**Particularity**

The warrant in this matter is distinctly different from the one in *United States v. WinnI,* 79 F.Supp. 3d 904 (S.D. Ill. 2015) on which Defendant relies for his argument that the search warrant in this case lacked particularity. Judge Mensah again sets out each aspect of the search warrant's specificity. Unlike the facts in *Winn*, wherein the warrant was based on one day's conduct, the affidavit in the instant case establishes a course of conduct over the course of several days. Additionally, Detective Stoehner's affidavit detailed a variety of salient factors, as set out in the Report and Recommendation, which satisfy the particularity requirement. Defendant's objection is overruled.

**March 3, 2025 Report and Recommendation**

**Motion to Suppress Statements**

Defendant objects to Judge Mensah's recommendation that the Court deny his Motion to Suppress Statements. Initially, Defendant asks the Court to find he was in custody when the subject statements were made. Defendant does not explain in detail this objection in light of Judge Mensah's assumption in her Report and Recommendation that Defendant was in custody.

Defendant also objects to Judge Mensah's conclusion that Defendant did not "articulate his desire to have counsel present sufficiently clearly that a reasonable

5

police officer under the circumstances would understand the statement to be a request for an attorney." *United States v. Giboney*, 863 F.3d 1022, 1029 (8th Cir. 2017).

The tape of the exchange between Defendant and Detective Stoehner in her police vehicle was as follows:

Approximately 40 minutes into the interview, Meyrand, Det. Stoehner, and Det. Woodard (the second investigator in the backseat), had the following exchange:

MR. MEYRAND: In the reality of this, I should have a lawyer.

DET. STOEHNER: That's up to you.

MR. MEYRAND: In the whole – I know it's up to me. In the whole grand scheme of things, I should have a lawyer.

DET. STOEHNER: Well, that's up to you.

MR. MEYRAND: But – but I don't really – I just – I haven't done anything – I haven't done anything.

DET. WOODARD: If you haven't done anything, then you should be able to tell the truth.

MR. MEYRAND: Right.

DET. WOODARD: You shouldn't be afraid.

MR. MEYRAND: Then I don't – I don't need a lawyer. That's why I haven't asked for one.

DET. STOEHNER: Yeah. I mean, that's – like I say, I will never discourage anybody from this, but at the heart of this –

MR. MEYRAND: I feel like I need five more cigarettes. I'm sorry.

Although Defendant argues this exchange shows he asked for a lawyer, Defendant's argument is without merit. As Judge Mensah detailed, in *Davis v. United States*, 512 U.S. 452, 459 (1994), the Supreme Court held that at a minimum, the defendant must make "some statement that can reasonably be construed to be an expression of a desire for the assistance of an attorney."

In this exchange, Defendant did not make any statement that could be interpreted as an expression of a desire for the assistance of counsel. Defendant's statements were ambiguous. "In the reality of this, I should have a lawyer" and In the whole grand scheme of things, I should have a lawyer." These statements do not clearly articulate that Defendant was asking to consult with a lawyer. Further, Defendant's subsequent statements indicate he did not want to speak with an attorney. He specifically stated he did not need a lawyer. A reasonable officer would not have construed Defendant's statements as an unequivocal invocation of the right to counsel. There has been no violation of Defendant's *Miranda* rights. Defendant's objection is overruled.

## Conclusion

The Court has fully considered the briefs filed on the motions as well as the objections. The Court has additionally independently researched the controlling

7

law. After fully considering all matters, the Court adopts Judge Mensah's thorough and well-reasoned Reports and Recommendations *in toto*.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Suppress Physical Evidence, [Doc. No. 36], (Report and Recommendation dated January 13, 2025), is **denied**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Suppress Statements, [Doc. No. 37], (Report and Recommendation dated March 3, 2025) is **denied**.

Dated this 2nd day of May, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE