UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:23-CR-00287-HEA-SPM |
| | ) |
| JASON LEVI MEYRAND, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER OF**
**UNITED STATES MAGISTRATE JUDGE**

All pretrial matters in this case were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C.§636(b). Currently before the Court is Defendant Jason Levi Meyrand's Motion for a Bill of Particulars, as to Count V of the Indictment (ECF No. 39) and Motion to Inspect Grand Jury Transcripts and Evidence Logs (ECF No. 63). The United States has responded to both motions. ECF Nos. 51 and 64. After carefully considering the written submissions of the parties, controlling and other legal authority, for the reasons set out below, I find that both motions lack merit and should be denied.

**I.      MOTION FOR BILL OF PARTICULARS (ECF NO. 39)**

Meyrand has moved for a bill of particulars pursuant to Fed. R. Crim. P. 7(f). He argues a bill of particulars is necessary because Count Five of the Indictment, charging a violation of 18 U.S.C. §2252A(a)(5)(B), fails to provide adequate notice as to when Meyrand allegedly violated §2252A(a)(5)(B), what materials the violation involved, and where the violation occurred. *See* ECF No. 39, at p. 1.  Under Fed. R. Crim P. 7(f) the court may "direct the government to file a bill of particulars" if the defendant "move[s] for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits." "[A] bill of particulars serves to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of

surprise at trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment is too vague and indefinite." *United States v. Hernandez*, 299 F.3d 984, 989-990 (8th Cir. 2002).   However, "a bill of particulars is not a discovery device to be used to require the government to provide a detailed disclosure of the evidence that it will present at trial." *United States v. Livingstone*, 576 F.3d 881, 883 (8th Cir. 2009); *United States v. Huggans*, 650 F.3d 1210, 1220 (8th Cir. 2011).

In response to Meyrand's motion, the United States did not dispute that Meyrand was entitled to a bill of particulars. Instead, it asserted the following:

> 2. Count V charges that between January 1, 2021, and May 25, 2023, the Defendant "knowingly accessed with intent to view material that contained images of child pornography…that was produced using material that traveled in interstate and foreign commerce; to wit, an Apple iPhone 11 cellular telephone that was produced outside of Missouri, and therefore, traveled in interstate and foreign commerce." (Doc. #2, p. 6)
>
> 3. As is revealed in the discovery that has been provided to the Defendant, Counts I – IV relate to images the Defendant created that showed him sexually abusing Victim 1 and Victim 2.
>
> 4. Also revealed in the discovery (bates stamped (GOV-0000123), in addition to the images of Victim 1 and Victim 2, investigators located 25 images of child pornography.
>
> 5. Count V relates to the 25 images of child pornography that ***do not*** display Victim 1 or Victim 2.

ECF No. 51, at ¶¶2-5.

Based on the United States' response (and in the absence of any rebuttal by Meyrand) the Court finds that, to the extent Meyrand was entitled to a bill of particulars, the United States' response together with previously disclosed discovery is sufficient to inform him "of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same

offense." *See* Hernandez, 299 F. 3d at 989-990. Because it appears that most, if not all, of the information the defendant requests by way of a bill of particulars is contained within the discovery that has already been produced, the Court will deny Meyrand's Motion for Bill of Particulars as moot.

## II.   MOTION TO INSPECT GRAND JURY TRANSCRIPTS AND EVIDENCE LOG (ECF No. 63)

Meyrand has moved, pursuant to Fed. R. Crim. P. 6(e)(3)(E)(ii), for an order requiring disclosure of the grand jury transcript and evidence log pertaining to Count V of the Indictment. He argues disclosure of the grand jury transcript and evidence log is necessary because there is "great uncertainty as to what the grand jury charged." ECF No. 63, at p. 2. Rule 6(e)(3)(E)(ii) of the Federal Rules of Criminal Procedure provides that disclosure of Grand Jury materials may be had "when permitted by a court at the request of the defendant, upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the Grand Jury."  Fed. R. Crim. P. 6(e)(3)(E)(ii). However, there is a "long established policy that maintains the secrecy of the grand jury proceedings in the federal courts." *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 681 (1958).  The Supreme Court has stated that "the proper function of our grand jury system depends upon the secrecy of grand jury proceedings." *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 218 (1979).  The exceptions to this policy are extremely limited and because a presumption of regularity attaches to grand jury proceedings, the party charging an abuse of the grand jury process carries a "heavy burden" to overcome the presumption.  *United States v. West*, 549 F.2d 545, 554 (8th Cir. 1977).

The Eighth Circuit has expressed the balance between the policy of secrecy which is to be afforded Grand Jury proceedings and the limited exceptions in which disclosure may be made by recognizing that "the party moving for disclosure must establish a "particularized need'." *Thomas v. United States*, 597 F.2d 656, 657 (1979); *United States v. McDougal*, 559 F.3d 937, 840-41 (8th Cir.

2009) (citing *United States v. Sells Eng'g, Inc.*, 463 U.S. 418, 443 (1983)); *United States v. Sileven*, 985 F.2d 962, 965 (8th Cir. 1993); *United States v. Faltico*, 687 F.2d 273, 276 (8th Cir. 1982), *cert. denied*, 460 U.S. 1088 (1983). "[T]o demonstrate a particularized need, a defendant must show that the request for disclosure is: (1) required to avoid possible injustice in a different judicial proceeding, (2) greater than the need for continued secrecy, and (3) specifically directed at the material required." *McDougal*, 559 F.3d at 841 (citing *In re Grand Jury Proceedings Relative to Perl*, 838 F.2d 304, 306 (8th Cir. 1988)). The question of whether to permit, or not permit disclosure of grand jury proceedings is a matter within the trial court's discretion. *Pittsburgh Plate Glass Co. v. United States,* 360 U.S. 395, 400 (1959).

Meyrand contends that because he has moved to dismiss Count V of the Indictment, this case falls within the limited exception to the general rule requiring that grand jury proceedings remain secret. However, Meyrand's motion to dismiss Count V does not fit within Rule 6(e)(3)(E)(ii)'s exception because it is not directed to "matters occurring before the Grand Jury." Fed. R. Crim. P. 6(e)(3)(E)(ii). Rather, Meyrand's motion to dismiss Count V asserts that §2252A(a)(5)(B), the statute under which he was charged, is unconstitutionally vague both on its face and as applied to the specific facts of Meyrand's case, *see* ECF No. 38, at p. 1-9. Meyrand also asserts §2252A(a)(5)(B) violates the First Amendment. *See id.* at p. 9-11.

Even if Meyrand could somehow shoehorn his motion to dismiss the indictment into the narrow exception carved out by Rule 6(e)(3)(E)(ii), Meyrand has failed to demonstrate a particularized need for disclosure of grand jury proceedings. First, Meyrand does not argue, and has offered no evidence suggesting, disclosure is required "to avoid possible injustice in a different judicial proceeding." *McDougal*, 559 F.3d at 841. Meyrand has also failed to demonstrate either that the need for disclosure is greater than the need for continued secrecy or that the requested disclosure would address the concerns underpinning Meyrand's motion to dismiss. *See id.* Indeed, it is unclear how the requested grand jury

disclosures would advance Meyrand's motion to dismiss at all. Count V simply tracks the statutory language of the charged offense and, as Meyrand's himself noted, his Fifth Amendment challenge to §2252A(a)(5)(B) cannot be resolved until *after* his trial. *See* ECF No. 38, at p. 3 (requesting that the Court defer ruling until after trial). "[F]ishing expeditions" to obtain evidence of some defect in the grand jury proceedings "do not provide sufficient grounds for disclosure prior to or at trial." *Thomas*, 597 F.2d at 658 (citations omitted).

In sum, Meyrand has not met the high burden required for disclosure of grand jury proceedings and has failed to demonstrate a particularized need for the requested disclosures. As such, his motion to inspect grand jury transcripts and evidence logs will be denied.

## CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Jason Levi Meyrand's Motion for a Bill of Particulars [ECF No. 39] is **DENIED, as moot.**

**IT IS FURTHER ORDERED** that Defendant Jason Levi Meyrand's Motion to Inspect Grand Jury Transcripts and Evidence Logs [ECF No. 63] is **DENIED**.

**IT IS FINALLY ORDERED** that because the deadline for filing pretrial motions has expired and there are no additional pretrial motions pending before the undersigned, no additional pretrial orders or reports and recommendations will be forthcoming. The trial of this matter will be set by separate order before the Honorable Henry E. Autrey.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated: June 4, 2025